In the Matter of the Claim of VIRGINIA WALKER, Respondent, *v.* HELEN COMERFORD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 16, 1968.

LoMonaco & LoMonaco for appellants.

Henry R. Dutcher, Sr., for claimant-respondent.

Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. This is an appeal by the employer and insurance carrier from an amended decision of the Workmen's Compensation Board awarding benefits to the claimant and denying a set-off to the carrier on the amount of the award.

The accident occurred on August 11, 1960 when claimant's deceased husband (referred to as the employee) fell down a flight of stairs and sustained injuries. On October 24, 1960 the employee retained an attorney to seek damages from the employer. No action was ever commenced and on September 24, 1962 the claim was settled for $1,500, the employee executing a general release to the employer. Prior to the settlement and on July 16, 1962 a claim was filed for workmen's compensation and thereafter was controverted on, inter alia, the ground of no employer-employee relationship.

The appellants contend that the acceptance of money from an employer by the employee and a release of all claims by the employee are a bar as to thereafter receiving workmen's compensation benefits. Section 32 of the Workmen's Compensation Law provides: "No agreement by an employee to waive his right to compensation under this chapter shall be valid."

The rule is well established that where a claimant *successfully terminates* an action at law against his employer either by settlement or a judgment for damages prior to an award of compensation, such a termination constitutes a bar to an award of compensation. (See Matter of Martin v. C. A. Prods. Co., 8 N Y 2d 226, 231; Matter of Muller v. Allgaier Constr. Co., 15 A D 2d 601, 602.) In the present case no action at law had been instituted by the employee and while the general release would appear to bar a subsequent action at law premised on tort principles, it is not a termination of such an action. It is not entirely clear

whether *Matter of Martin* v. *C. A. Prods. Co.* (*supra*, p. 231) proceeds on the rationale of equitable estoppel or on the theory of election of remedies. (See *Matter of Petterson* v. *Daystrom Corp.*, 17 N Y 2d 32, 38 [n. 2].) In any event, the factual circumstances in *Martin* (*supra*) are substantially different and the genesis of that decision was contained in the language " In the case at bar there has been much more than a mere pending action or unavailable remedy. The claimant has here *successfully terminated,* by settlement, *his action at law.*'' (Emphasis partially supplied.)

In this particular case the question is whether the general release of the employer, founded upon a good and sufficient consideration, can constitute a bar when no legal proceeding, judicial or otherwise, was commenced for anything other than workmen's compensation benefits.

In *Matter of Jackson* v. *Richman & Co.* (21 A D 2d 711, 712) this court held that the execution of a general release prior to a compensation award and without the commencement of a legal proceeding bars a subsequent award. The Court of Appeals (15 N Y 2d 877, 879) reversed this court and found that subdivision 5 of section 29 of the Workmen's Compensation Law was not applicable in such a situation but that section 32 was applicable and that the release did not bar a subsequent award of compensation benefits.

It is more in accord with the protective policy of the Workmen's Compensation Law to hold that where a settlement with the alleged employer does not result from a legal proceeding or the pursuit of some other statutory remedy, then such a settlement does not bar a subsequent award of compensation benefits on the ground that there is an equitable estoppel or election of remedies, both of which are only applicable when there has been an action commenced.

The board by its amended decision found that " there has been no request made by the employer for reimbursement '' and as to credit, a change of language so that the decision reads " that the carrier is not entitled to credit for the payment by the employer of the $1,500.00 to the claimant ''. The present record substantially supports these findings by the board.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

GIBSON, P. J., REYNOLDS, AULISI and GABRIELLI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.